## IRAGORRI

v.

## UNITED TECHNOLOGIES CORP., Otis Elevator Co.

### No. 3:94CV01673 (JBA).

United States District Court,
D. Connecticut.

April 23, 2004.

Anthony J. Natale, James G. Green, Jr., Jodi Lynn Zils Gagne, Michael A. Fusco, Pepe & Hazard, Susan Kim, Bingham McCutchen, Hartford, CT, for Plaintiff.

Allan B. Taylor, Charlsa D. Broadus, Day, Berry & Howard, Hartford, CT, Edward T. Falsey, III, Edward W. Mayer, Jr., Patrick M. Noonan, Delaney, Zemetis, Donahue, Durham & Noonan, Wallingford, CT, Karen L. Karpie, Murphy & Karpie, Bridgeport, CT, for Defendants.

*Ruling on Plaintiffs' Motion*
*for Reconsideration*
*[Doc. # 189]*

ARTERTON, District Judge.

On September 30, 2003, this Court granted defendants' motion for summary judgment on all counts in plaintiffs' complaint. *See* Ruling on Motion for Summary Judgment [Doc. # 186]. Plaintiffs have now moved for reconsideration. For the reasons discussed below, plaintiff's motion is granted in part.

**I. Background**

Plaintiffs, the surviving spouse and children of Mauricio Iragorri ("Mr. Iragorri"), brought suit against defendants United Technologies Corporation ("United Technologies") and Otis Elevator Company ("Otis") after Mr. Iragorri fell to his death down an empty elevator shaft in Cali, Co-

lombia. On summary judgment, this Court dismissed Counts 1–3 of plaintiffs' complaint, which were brought under Connecticut's Product Liability Act, Conn. Gen.Stat. § 52–572m, finding that Otis was not the "product seller" of the elevator in question, and thus the Connecticut Product Liability Act did not apply to it. This Court also dismissed Counts 7–12, which raised claims of vicarious liability, concluding that there was no evidentiary basis for finding that OTESA or International, the two Colombian entities which installed and maintained the elevator at issue, were the agents of Otis. As to Counts 4–6, which raised claims of direct negligence against Otis, this Court found that Otis undertook a contractual duty to provide to International technical assistance about safety procedures, and therefore could be subject to liability on the theory of negligence set forth in Restatement (Second), of Torts, § 324A (1965). This Court withheld consideration of all of the elements of § 324A, however, because having identified and limited Otis's duty of care to the provision of safety information, the Court concluded that plaintiffs failed to present evidence sufficient to meet their burden of demonstrating that Otis breached its duty.

In their motion for reconsideration, plaintiffs argue that the Court erred in basing its decision on the absence of evidence that Otis breached its duty, because the Court had earlier ordered phased discovery, limiting the scope of discovery prior to the filing of the summary judgment motion to the issue of legal duty. Plaintiffs also ask for reconsideration of the Court's vicarious liability determination, arguing that the Court erred in finding the existence of an agency relationship a prerequisite to liability under Restatement (Second), of Torts, § 414.

## II. Discussion

■ As plaintiffs have correctly pointed out in their reconsideration motion, the September 30, 2003 ruling did not account for the phased discovery ordered in this case. The Court's February 5, 2002 scheduling order provided for "Phase I discovery on agency and apparent manufacturer theories of liability," with further discovery to follow based on the disposition of the summary judgment motion. Because plaintiffs subsequently amended their complaint to add direct negligence claims, discovery on these claims was obviously not addressed in the earlier scheduling order. Defendants agree that the parties carried out the first phase of discovery limited to the issue of duty, and that the second phase of discovery was to address the issue of breach. Plaintiffs contend that because discovery was phased in this manner, they were precluded from conducting any discovery in Colombia or obtaining any information about International's activities. As plaintiffs note, defendants objected to virtually every interrogatory plaintiffs submitted about Otis's provision of safety and training materials to International on grounds that "it is irrelevant to the question of whether Otis owed any duty with respect to the action of International and/or its employees and to the extent the Interrogatory suggests that such a duty is owed." See Defendants' Responses and Objections to Plaintiffs' Third Set of Interrogatories and Requests for Production of Documents [Doc. # 190, Ex. C].

Defendants dispute plaintiffs' contention that the geographical scope of discovery excluded Colombia, and note that the Court ultimately overruled defendants' objection to much of plaintiffs' requested discovery about Otis and International's relationship. Nonetheless, plaintiffs' understanding of the limits of discovery was made known to defendants and to the Court during the discovery period. During an August 26, 2002 telephonic discovery conference, for example, plaintiffs'

counsel stated that he had "not been permitted the opportunity to take any discovery in Colombia as to what specifically transpired." Defendants' counsel agreed during this conference that the allegations of the plaintiffs' complaint as to events in Colombia would be assumed to be true for purposes of the summary judgment motion. *See* Transcript of Telephone Discovery Conference, August 26, 2002 [Doc. # 190, Ex. D]. While defendants argue that when viewed in context, the August 26, 2002 colloquy related only to Mr. Iragorri's accident, not to the relationship between Otis and International, given defendants' persistent efforts to cabin Phase I discovery, plaintiff had reasonable grounds to assume that evidence related to the issue of breach, or to International's conduct more generally, would not be at issue on summary judgment—only Otis's status, and whether it could give rise to a duty of care.

The Court thus concludes it erred in granting summary judgment on grounds that "plaintiffs have failed to present sufficient evidence from which a jury could find that Otis breached" a duty to provide safety training materials, since plaintiffs had not been permitted discovery on that subject. *See* Ruling on Defendants' Motion for Summary Judgment [Doc. # 186] at 45.

█ Defendants argue that even if the phased discovery is acknowledged, summary judgment in their favor remains appropriate, because the Court previously withheld consideration of issues of duty on which further discovery is not envisioned.[1] In particular, the earlier ruling did not assess whether plaintiffs presented facts sufficient to meet all of the requirements of the theory of negligence set forth in Restatement (Second), of Torts, § 324A (1965).

Restatement (Second), of Torts, § 324A provides:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if
>
> (a) his failure to exercise reasonable care increases the risk of such harm, or
>
> (b) he has undertaken to perform a duty owed by the other to the third person, or
>
> (c) the harm is suffered because of reliance of the other or the third person upon the undertaking.

Although plaintiffs have argued that defendants owed Mr. Iragorri a duty under both subsections (a) and (c), their arguments ultimately rest on a theory of reliance.[2]

---

1. The earlier ruling found that Otis owed a duty to International, by virtue of its technical assistance agreement, to provide materials on safety. Such a duty is a prerequisite to the ultimate finding of whether a duty to a third person, in this case Mr. Iragorri, is owed under Restatement (Second), of Torts, § 324A (1965). The Court withheld consideration of the remaining elements of § 324A.

2. Under Restatement § 324A(a), the issue is whether Otis's alleged negligence in providing safety training materials to International increased the risk of harm toward Mr. Iragorri. Plaintiffs argue that Otis increased the risk of harm because International relied on Otis' provision of safety materials and abandoned its own safety efforts. Defendants argue, however, the failure to provide safety materials could not have *increased* the risk that International's repairman would leave unguarded an open elevator shaft, since at most it would have failed to improve the status quo. The Court agrees that establishing a duty under subsection (a) would be highly improbable on the facts of this case. Nonetheless, plaintiffs' primary argument is based on International's reliance, and is properly brought under subsection (c).

Under subsection (c), Otis may be found liable if International relied on Otis's provision of technical assistance in the area of safety. Reliance implies more than mere knowledge of Otis's agreement to provide assistance, but that this knowledge "induced [International] to forgo other remedies or precautions against ... a risk." *See* Restatement (Second) of Torts, § 324A, comm. e.

Plaintiffs argue that because a determination of liability under 324A(c) requires knowledge of International's activities, ruling on the basis of the current summary judgment record would be inappropriate. Plaintiffs state that they need to take discovery of International, in Colombia, in order to learn what actions it did or did not take in reliance on Otis' agreement to provide technical assistance in the form of safety information. The Court agrees that the phased discovery arrangement in this case did not allow both parties full and equal opportunity for discovery of International's policies and practices. It is fair to conclude that the factual prerequisites for § 324A liability were unrecognized by the parties and by the Court at the time the discovery was phased, and the current situation reflects the pitfalls of the phased discovery that defendants urged. Thus, at this stage, the summary judgment record is too undeveloped to reach a conclusion about whether plaintiffs' theory of § 324A liability presents triable issues of fact. The parties are therefore granted further discovery in accordance with this ruling, under the schedule set forth in the accompanying order.

Plaintiffs also ask this Court to reconsider its earlier finding that Otis was not liable under a theory of vicarious liability set forth in Restatement (Second), of Torts, § 414. Restatement § 414 provides the circumstances in which an employer who entrusts work to an independent contractor may be liable. The September 30, 2003 ruling found that plaintiffs failed to

present evidence that International acted for the benefit of Otis, not merely for its own benefit, and thus International could not be deemed Otis's "independent contractor." As the Court's prior ruling made clear, the evidence plaintiffs presented of Otis's control over International was therefore legally insufficient to subject Otis to liability under § 414. Because the plaintiffs have pointed to no controlling law or facts that the Court overlooked in its previous ruling, plaintiff's motion for reconsideration is denied as to this claim. *See Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

## III. Conclusion

For the foregoing reasons, plaintiffs' motion for reconsideration is GRANTED in part. Upon reconsideration, the Court finds that it prematurely ruled on the issue of defendants' breach of a duty of care, and orders further discovery on the narrow issue of duty under Restatement (Torts) § 324A and the remaining issues of breach and causation. The September 30, 2003 ruling granting Defendants' motion for summary judgment is therefore vacated in part as to its finding that Otis did not breach its duty to provide safety information to International. The Clerk is directed to reopen this case.

IT IS SO ORDERED.